## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| GIESECKE+DEVRIENT GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:17-cv-01812 |
| v. | ) | |
| | ) | Judge Ryan T. Holte |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## HID GLOBAL CORPORATION'S INITIAL SUPPLEMENTAL BRIEF ON JURISDICTION

## **Table of Contents**

I.     INTRODUCTION ........................................................................................................ 1

II.    FACTUAL BACKGROUND ....................................................................................... 2

III.   ARGUMENT .............................................................................................................. 3

       A. Waivers of Sovereign Immunity Are Narrowly Construed, and § 1498 Only Limits a
          Patent Owner's Remedies From the Government, Not Remedies Available to the
          Government (or Third Parties) .............................................................................. 3

       B. Construing § 1498 to Impose Restrictions on the Government's (or Third-Party
          Defendants') Remedies or Defenses Not in the Express Language of the Statute
          Contradicts the Legislative History and Case Law ................................................. 5

       C. The Power to Sanction and Award Fees is Collateral to This Court's Undisputed
          Subject Matter Jurisdiction Over Patent Claims Involving the Government ......... 8

       D. This Court Has Determined Jurisdiction for § 285 Awards in This Litigation and Other
          Cases, and Has Awarded the Government Attorneys' Fees in Other Contexts .... 11

       E. Exceptionally Weak Cases Against the Government Should be Deterred ................... 12

       F. This Court Can Still Award Fees Under Its Inherent Authority or Rule 11 ................. 13

IV.    CONCLUSION .......................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Avocent Redmond Corp. v. United States*,
    93 Fed. Cl. 399 (2010) ...................................................................................5, 7

*Bristol-Myers Squibb Co. v. Royce Lab., Inc.*,
    69 F.3d 1130 (Fed. Cir. 1995)...............................................................................6

*Budinich v. Becton Dickinson & Co.*
    486 U.S. 196 (1988) .............................................................................................10

*Carvel v. Franchise Stores Realty Corp.*,
    08-CV-8938, 2009 U.S. Dist. LEXIS 113410, 2009 WL 4333652 (S.D.N.Y.
    Dec. 1, 2009)..........................................................................................................10

*Cobell v. Norton*,
    211 F.R.D. 7 (D.D.C. 2002).................................................................................14

*Cont'l Mgmt., Inc. v. United States*,
    208 Ct. Cl. 501 (1975) ...........................................................................................3

*Cooter & Gell v. Hartmarx Corp.*
    496 U.S. 384 (1990)........................................................................................10, 14

*DiPietro v. Sec'y of HHS*,
    No. 15-742V, 2016 U.S. Claims LEXIS 1923 (Fed. Cl. Oct. 6, 2016) ...................2

*Doe v. United States*,
    16 Cl. Ct. 412 (1989) ...........................................................................................14

*Earth Res. Corp. v. United States*,
    44 Fed. Cl. 274 (1999) ................................................................................. *passim*

*Elan Pharm., LLC v. Sexton*,
    421 F. Supp. 3d 1119 (D. Kan. 2019).........................................................9, 10, 13

*Eltech Sys. Corp. v. PPG Indus., Inc.*,
    903 F.2d 805 (Fed. Cir. 1990)..............................................................................14

*Fluor Corp. v. United States*,
    126 F.3d 1397 (Fed. Cir. 1997).............................................................................6

*Franchise Tax Bd. v. Hyatt*,
    139 S. Ct. 1485 (2019)...........................................................................................1

*Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*,
   No. CIV 10-1020, 2012 U.S. Dist. LEXIS 67259 (D.N.M. May 12, 2012) ............................9

*H.R. Techs., Inc. v. Astechnologies, Inc.*,
   275 F.3d 1378 (Fed. Cir. 2002) ....................................................................................9

*Heger v. United States*
   114 Fed. Cl. 204 (2014) ..............................................................................................12

*Highway Equip. Co. v. FECO, Ltd.*,
   469 F.3d 1027 (Fed. Cir. 2006) ..................................................................................11

*Hitkansut LLC v. United States*,
   142 Fed. Cl. 341 (2019) ................................................................................................4

*Judin v. United States*,
   110 F.3d 780 (1997) ..............................................................................................12, 14

*Judin v. United States*
   34 Fed. Cl. 483 (1995) ................................................................................................12

*Kilopass Tech., Inc. v. Sidense Corp.*,
   738 F.3d 1302 (Fed. Cir. 2013) ..................................................................................14

*Knogo Corp. v. United States*,
   228 Ct. Cl. 372 (1981) ................................................................................................10

*Lamson v. United States*
   117 Fed. Cl. 755 (2014) ................................................................................................7

*Lefley v. United States*,
   No. 259-89T, 1997 U.S. Claims LEXIS 309 (Fed. Cl. July 31, 1997) ..................................11

*Lemelson v. United States*,
   8 Cl. Ct. 789 (1985) ..................................................................................................10

*Level 3 Commc'ns, LLC v. United States*,
   724 F. App'x 931 (Fed. Cir. 2018) ..............................................................................13

*Lokai Holdings LLC v. Twin Tiger USA, LLC*,
   306 F. Supp. 3d 629 (S.D.N.Y. 2018) ............................................................................8

*Metropolitan Life Ins. Co. v. Sicoli and Massaro Inc.*,
   15 Civ. 7141, 2016 U.S. Dist. LEXIS 131443 (S.D.N.Y. Sept. 26, 2016) ..............................9

*Motorola, Inc. v. United States*,
   729 F.2d 765 (Fed. Cir. 1984) ......................................................................................4

*NantKwest, Inc. v. Iancu*,
   898 F.3d 1177 (Fed. Cir. 2018)........................................................................9

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   572 U.S. 545 (2014).................................................................................6, 12

*Office of Pers. Mgmt. v. Richmond*,
   496 U.S. 414 (1990)........................................................................................3

*Old Reliable Wholesale, Inc. v. Cornell Corp.*,
   635 F.3d 539 (Fed. Cir. 2011)........................................................................9

*Pratt & Whitney Canada, Inc. v. United States*,
   12 Cl. Ct. 221 (1987) ...............................................................................3, 4, 7

*RHI Holdings, Inc. v. United States*,
   142 F.3d 1459 (Fed. Cir. 1998).....................................................................3, 4

*Rolls-Royce, Ltd. v. United States*,
   176 Ct. Cl. 694 (1966) ..................................................................................10

*S. Cal. Edison Co. v. United States*,
   43 Fed. Cl. 107 (1999) ....................................................................................5

*Sherrit v. United States*,
   No. 299-81, 1997 U.S. Claims LEXIS 241 (Fed. Cl. Oct. 23, 1997) ...................11

*St. Paul Fire & Marine Ins. Co. v. United States*,
   4 Cl. Ct. 762 (1984) ..................................................................................4, 12

*Tenax Corp. v. Tensar Corp.*,
   No. H-89-424, 1992 U.S. Dist. LEXIS 21620 (D. Md. Oct. 22, 1992) ................15

*Thornton-Trump v. United States*,
   12 Cl. Ct. 262 (1987) ....................................................................................11

*United States v. Herron*,
   87 U.S. 251 (1873)...................................................................................1, 3, 4

*United States v. Sherwood*,
   312 U.S. 584 (1941)........................................................................................3

*United States v. Silliman*,
   167 F.2d 607 (3d Cir. 1948)............................................................................3

*In re UUSI, LLC*,
   549 F. App'x 964 (Fed. Cir. 2013) ..................................................................8

*White v. New Hampshire Dep't of Employment Sec.*,
    455 U.S. 445 (1982) .................................................................................................8

*Williams v. Walsh*,
    558 F.2d 667 (2d Cir. 1977) ................................................................................8, 9

*Zoltek Corp. v. United States*,
    672 F.3d 1309 (Fed. Cir. 2012) ................................................................................5

*Zucker v. Occidental Petroleum Corp.*,
    192 F.3d 1323 (9th Cir. 1999) ..........................................................................10, 14

**Federal Statutes**

28 U.S.C. § 1491 ...........................................................................................................3

28 U.S.C. § 1498 ...................................................................................................*passim*

28 U.S.C. § 1498(a) ...............................................................................................*passim*

28 U.S.C. § 2412 .....................................................................................................4, 12

28 U.S.C. § 2412(b) ....................................................................................................12

35 U.S.C. § 68 (1926) .................................................................................................5, 6

35 U.S.C. § 271(e)(4) ....................................................................................................9

35 U.S.C. § 282 .............................................................................................................7

35 U.S.C. § 285 ......................................................................................................*passim*

35 U.S.C. § 287(c) .........................................................................................................7

42 U.S.C. § 1988 ..........................................................................................................10

**Rules**

Fed. R. Civ. P. 11(c)(2) ..............................................................................................10

Court of Federal Claims Rule 11 ...........................................................................*passim*

Court of Federal Claims Rules 16, 26, 30, 37, 45, 56, 83 .........................................12

**Other Authorities**

The Federalist No. 81 ....................................................................................................1

S. Rep. No. 80-1559 (1948) ...........................................................................................6

Pub. L. No. 61-305, Chapter 423, 36 Stat. 851-52 ...........................................................................5

Pub. L. No. 79-587, Chapter 726, 60 Stat. 778.................................................................................6

Pub. L. No. 80-773, 62 Stat. 869, 941 (1948)..................................................................................5

I.      **INTRODUCTION**

In The Federalist No. 81, Alexander Hamilton explained that "[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." The doctrine of sovereign immunity "is a historically rooted principle embedded in the text and structure of the Constitution." *Franchise Tax Bd. v. Hyatt*, 139 S. Ct. 1485, 1499 (2019). Indeed, the Supreme Court explained that "where a statute is general, and thereby any prerogative, right, title, or interest is divested or taken from the king, in such case the king is not bound, unless the statute is made to extend to him by express words." *United States v. Herron*, 87 U.S. 251, 255 (1873). The Court emphasized that "the legislature, if they intended to divest the sovereign power of any right, privilege, title, or interest, would say so in express words; and where the act contains no words to express such an intent, that it will be presumed that the intent does not exist." *Id.* at 263. Thus, that the sovereign retains all rights not expressly relinquished in a waiver of sovereign immunity underscores our jurisprudence.

The applicable statute here, 28 U.S.C. § 1498(a), is a limited waiver of sovereign immunity that prescribes specific remedies available to patent owners from the Government for patent infringement. It does not limit the prerogatives or rights available to the Government. Yet, despite no express divesting language in the Government's waiver of sovereign immunity, Giesecke+Devrient GmbH ("G&D") argues that § 1498 nonetheless prohibits the Government (and third-party indemnitors like HID Global Corporation ("HID")) from recovering attorneys' fees under 35 U.S.C. § 285, a prerogative of any defendant in a private patent suit and a separate, ancillary issue that is not a "controversy" between parties requiring an explicit jurisdictional grant. It cannot be that the Government waived its sovereign immunity in a way that puts it in a worse position than it would otherwise be as a private party defendant without express language saying so. Indeed, the doctrine of sovereign immunity forbids it.

1

For the reasons set forth below, this Court has jurisdiction to award attorneys' fees under § 285 to HID, or alternatively, under its inherent authority or Rule 11. Because the Court already determined that HID is entitled to fees, the only pending issue is the compensable amount HID incurred. As HID contends in its motion for quantum, Dkts. 140 and 147, the Court should award HID its full fees and costs, up through and including this supplemental briefing.

## II.    FACTUAL BACKGROUND

On January 28, 2019, HID moved for entitlement to recover the attorneys' fees and costs incurred in defending against G&D's baseless claims of patent infringement. Dkt. 62. After the July 8, 2019 hearing on this issue, on January 24, 2020, this Court granted HID's motion on entitlement, finding HID is the prevailing party and entitled to recover attorneys' fees. *See* Dkt. 137 at 11, 13. Specifically, the Court found this case exceptional under 35 U.S.C. § 285 because of "the lack of basis in [G&D's] ICAO-compliance infringement theory against the card-based products, [G&D's] failure to provide any factual support for its prefiling investigation, and considerations of deterrence and compensation." *Id.* at 8. On February 20, 2020, HID moved for quantum of attorneys' fees. *See* Dkt. 140. During the April 1, 2020 conference, Judge Holte requested supplemental briefing on whether the Court of Federal Claims has jurisdiction to award attorneys' fees to a noticed nonparty, pursuant to 35 U.S.C. § 285.[1] *See* Dkt. 151. It does.

---

[1] If this Court agrees and confirms jurisdiction, HID's motion on quantum will be ripe. HID respectfully requests compensation for the fees and costs incurred related to the status conference and this jurisdiction briefing, after the filing of HID's reply to its motion on quantum. *See DiPietro v. Sec'y of HHS*, No. 15-742V, 2016 U.S. Claims LEXIS 1923, at *14 (Fed. Cl. Oct. 6, 2016); *see also, e.g.*, Dkt. 140 at 6-8; Dkt. 147 at 9-10.

III.    **ARGUMENT**

**A. Waivers of Sovereign Immunity Are Narrowly Construed, and § 1498 Only Limits a Patent Owner's Remedies From the Government, Not Remedies Available to the Government (or Third Parties)**

The United States' Government, as a sovereign, is generally immune to lawsuits, unless it waives sovereign immunity. Importantly, waivers of sovereign immunity must be explicit and cannot be implied. *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed. Cir. 1998) (citations omitted); *see also Herron*, 87 U.S. at 255. And "[a]ny statute which creates a waiver of sovereign immunity must be strictly construed *in favor of the Government*." *RHI Holdings*, 142 F.3d at 1461 (citing *United States v. Sherwood*, 312 U.S. 584, 590 (1941)) (emphasis added); *see also Office of Pers. Mgmt. v. Richmond,* 496 U.S. 414, 432 (1990). The Tucker Act of 1887 is one such waiver. *See* 28 U.S.C. § 1491. The jurisdiction of the Court of Federal Claims is prescribed by the metes and bounds of the Government's consent to be sued in this waiver of immunity. *See RHI Holdings,* 142 F.3d at 1461 (citing *Sherwood*, 312 U.S. at 586).

The Government in 28 U.S.C. § 1498(a) waived sovereign immunity and consented to be sued for patent infringement. Accordingly, § 1498 limits what remedies a private party may obtain *from* the Government (e.g., injunctive relief), but not what remedies are available *to* the Government. Thus, consistent with the narrow and favorable construction afforded sovereign immunity waivers, the Government has retained all the remedies and defenses otherwise available to a private party in civil patent litigation. *See Pratt & Whitney Canada, Inc. v. United States*, 12 Cl. Ct. 221, 222 (1987); *see also Cont'l Mgmt., Inc. v. United States*, 208 Ct. Cl. 501, 514 (1975) ("These courts have told us that a statutory remedy is not exclusive, and common law rights and remedies survive, unless Congress intended the legislative provision to be exclusive."); *United States v. Silliman*, 167 F.2d 607, 611 (3d Cir. 1948) ("[W]e see [no reason] for concluding that because a statute enlarged the liability of the defendant it abrogated the right

3

which the sovereign otherwise has to pursue common law remedies . . . ."). Indeed, it makes little sense that the Government would waive remedies otherwise available to private defendants. *See Earth Res. Corp. v. United States*, 44 Fed. Cl. 274, 281 (1999) (distinguishing *Motorola, Inc. v. United States*, 729 F.2d 765 (Fed. Cir. 1984) and noting that *Motorola* "effectively places the United States in a position worse than a defendant that is a private party . . . .").

For example, in awarding the Government fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, a fee-shifting statute like § 285, the U.S. Claims Court held that "the government needs no special authorization to seek costs or fees from an opposing party when circumstances warrant such an award." *St. Paul Fire & Marine Ins. Co. v. United States*, 4 Cl. Ct. 762, 766 (1984).[2] However, "[t]he reverse is not true; monetary awards can be imposed on the United States only when there has been an express waiver of sovereign immunity." *St. Paul Fire* at 766; s*ee also Earth Res.*, 44 Fed. Cl. at 281 (noting that, under § 1498, the Government "was gaining an advantage when compared to the Plaintiff" regarding "equitable remedies and equitable defenses."). "Although this is indeed an asymmetrical situation, that does not render it unjust." *Pratt & Whitney*, 12 Cl. Ct. at 222-223 (further noting "that a determination as to the wisdom of a statute is not the function of a court."). There is no disputing that § 1498(a) does not expressly divest the Government of its sovereign rights to available defenses and remedies. *See RHI Holdings*, 142 F.3d at 1461; *Herron*, 87 U.S. at 255. Thus, while § 1498(a)

---

[2] Although some courts have found that § 2412 fees are not available to the Government, those cases are distinguishable, and if a plaintiff can seek fees from the Government, then the Government (and third-party defendants) should also be able to seek fees from the plaintiff, at least under some mechanism. *See Hitkansut LLC v. United States*, 142 Fed. Cl. 341 (2019). Absent express language to the contrary, a waiver of sovereign immunity should not be construed as subjecting the Government to attorneys' fees awards in some circumstances, but never allowing the Government itself to recover fees, as such a construction would not be "in favor of the Government." *See RHI Holdings*, 142 F.3d at 1461.

4

lists a plaintiff's only remedies from the Government, it leaves all remedies to the Government.

Unlike plaintiffs who are seeking relief from the Government, which requires a waiver of sovereign immunity, noticed third-party defendants who share aligned interests with and step into the shoes of the Government ought to have the same defenses and remedies available as the Government. *See S. Cal. Edison Co. v. United States*, 43 Fed. Cl. 107, 115 (1999) ("[T]his court's procedure allows a third-party defendant to assert any defenses which the third-party has to the plaintiff's claim (including defenses assertable by the Government)."); *see also Avocent Redmond Corp. v. United States*, 93 Fed. Cl. 399, 403, 405 (2010) (finding laches defense available to both the United States and defendant-intervenor). Thus, because § 1498(a) is a waiver of sovereign immunity that must be narrowly construed in the Government's favor, and § 1498(a) does not expressly limit the Government (or third-party defendants) from asserting any remedy or defense, fee-shifting provisions like 35 U.S.C. § 285 should be available.

### B. Construing § 1498 to Impose Restrictions on the Government's (or Third-Party Defendants') Remedies or Defenses Not in the Express Language of the Statute Contradicts the Legislative History and Case Law

Neither § 1498 nor its legislative history shows any intent by Congress to limit the defenses or remedies available to the Government. Instead, the history shows that, consistent with being a sovereign, the Government has available all defenses and remedies.

The original statute waiving the Government's sovereign immunity for patent infringement lawsuits was enacted on June 25, 1910 ("1910 Act") and initially codified in 35 U.S.C. § 68 (1926). The 1910 Act explicitly stated that, "in any such suit *the United States may avail itself of any and all defenses, general or special*, which might be pleaded by a defendant in an action for infringement . . . ." Pub. L. No. 61-305, Ch. 423, 36 Stat. 851-52 (emphasis added); *see also Earth Res.*, 44 Fed. Cl. at 281. In 1948, § 68 was removed and re-codified as 28 U.S.C. § 1498. *See* Pub. L. No. 80-773, 62 Stat. 869, 941 (1948); *see also Zoltek Corp. v. United*

*States*, 672 F.3d 1309, 1317 n.2 (Fed. Cir. 2012). Although § 1498 omits the explicit language

regarding the general and special defenses available to the Government, it was because Congress

deemed the language unnecessary, not because Congress intended to limit the Government's

powers. Indeed, the 1948 Reviser's Note explains:

> Provisions contained in the second proviso of said section 68, relating to right of the United States to any general or special defense available to defendants in patent infringement suits, were omitted as unnecessary. ***In the absence of statutory restriction, any defense available to a private party is equally available to the United States.***

S. Rep. No. 80-1559 (1948) (emphasis added); *see also Earth Res. Corp.*, 44 Fed. Cl. at 281.

    And, importantly, fee-shifting was available to private parties when § 1498 was enacted.

In fact, though the American Rule (that each litigant must pay one's own attorneys' fees)

originally governed patent infringement cases, in 1946—two years before the recodification of §

68 to 28 U.S.C. § 1498—Congress amended the Patent Act to add a fee-shifting provision (the

precursor to § 285). *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 548

(2014). Indeed, Congress stated that attorneys' fees are recoverable in "any patent case" (subject

to the court's discretion). Pub. L. No. 79-587, Ch. 726, 60 Stat. 778. Thus, Congress knew that

fee-shifting existed in 1948, when it re-codified 35 U.S.C. § 68 as 28 U.S.C. § 1498, because

Congress is presumed to know the existing state of the law when it enacts a statute. *See Fluor

Corp. v. United States*, 126 F.3d 1397, 1404 (Fed. Cir. 1997); *Bristol-Myers Squibb Co. v. Royce

Lab., Inc.*, 69 F.3d 1130, 1136-37 (Fed. Cir. 1995).[3] Yet, although Congress limited some

remedies in § 1498, specifically the remedies available from the Government, Congress did not

---

[3] Congress also knew about patent infringement cases against the Government under § 68 when, in 1946, it stated that fees were available in "any patent case." And Congress knew about § 1498 when, in 1952, it codified § 285 to allow for fees in "exceptional" patent cases. In either instance, Congress could have, but did not, exclude patent cases involving the Government from patent cases eligible for fee awards.

place any limitations on what collateral remedies were available to the Government. *See Earth Res. Corp.*, 44 Fed. Cl. at 281. In other words, if Congress wanted to prohibit the Government (and third-party defendants) from recovering attorneys' fees under the precursor to 35 U.S.C. § 285, it could and would have done so expressly. Instead, the Revisor's Note to § 1498 said, absent a statutory restriction, the Government can avail itself of any special or general defense available to a private patent infringement defendant.

Consistent with this history, this Court and its predecessor have found the Government entitled to defenses and remedies under Title 35, even though they are not explicitly listed in § 1498. For example, in *Lamson v. United States*, this Court found "without merit" the argument that the Government could not avail itself of a defense under Title 35 because Congress did not expressly identify § 1498 in Title 35. 117 Fed. Cl. 755, 763 (2014). Specifically, finding that the Government could assert a 35 U.S.C. § 287(c) defense, the *Lamson* Court explained:

> Congress was well aware of § 1498 and the Revisor's Note, when § 287(c) was enacted, and thus Congress understood that express reference to specific defenses to patent infringement claims is not necessary for the government to rely on a defense available to private litigants in claims brought under § 1498(a). ***For this reason, it was not necessary to expressly incorporate § 287(c) into § 1498.***

*Id.* (emphasis added). Likewise, in *Avocent Redmond*, this Court held that a laches defense was available to both the Government and a defendant-intervenor even though laches is not explicitly listed as a defense under 35 U.S.C. § 282 and not expressly mentioned in § 1498. 93 Fed. Cl. at 403. *See also Pratt & Whitney*, 12 Cl. Ct. at 222 (finding laches available as a defense).

Thus, the legislative history and case law show that, in § 1498's limited waiver of sovereign immunity, Congress contemplated the Government would have all defenses available to private parties, even if private parties suing the Government would not have the same latitude. Consistent with this Court's prior reasoning, although § 1498 does not expressly list the remedies

7

under Title 35, the Government (and third-party defendants) is nevertheless entitled those remedies—including the recovery of attorney's fees—absent clear statutory disavowal.

### C. The Power to Sanction and Award Fees is Collateral to This Court's Undisputed Subject Matter Jurisdiction Over Patent Claims Involving the Government

It is undisputed that this Court had subject matter jurisdiction under § 1498 to resolve the underlying patent dispute between G&D and HID, as a third-party defendant of the Government (i.e., G&D's baseless infringement claim). The power to sanction and award fees is collateral to this subject matter jurisdiction—sanctions and attorneys' fee awards are not independent causes of action requiring independent jurisdictional grants.

Overlooking this critical distinction, G&D argues that this Court cannot award attorneys' fees under § 285 because "[t]he jurisdiction of this Court is limited to resolving controversies between a *plaintiff* and the *United States*, and excludes jurisdiction to decide controversies between *private* parties." Dkt. 145 at 1 (original emphasis). However, attorneys' fee awards under § 285 are neither "controversies" between private parties nor independent causes of action[4]—they are collateral issues within a court's authority to control its docket. *See In re UUSI, LLC*, 549 F. App'x 964, 968 (Fed. Cir. 2013) (finding this Court had jurisdiction over a Rule 14 party's request for fees and that fees proceedings "are independent and ancillary to a federal court's subject matter jurisdiction").

Indeed, it is well-established that "an award of attorney's fees [under § 285] is a remedy that underlies a cause of action . . .", not a statutory claim for monetary damages or a "controversy" between private parties. *Lokai*, 306 F. Supp. 3d at 644 (*citing White v. New*

---

[4] "A 'cause of action' is a situation or state of facts which entitles a party to sustain an action and gives him the right to seek judicial interference on his behalf." *Lokai Holdings LLC v. Twin Tiger USA, LLC*, 306 F. Supp. 3d 629, 644 (S.D.N.Y. 2018) (*quoting Williams v. Walsh*, 558 F.2d 667, 670 (2d Cir. 1977)).

*Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982) (observing that an award for attorney's fees is not compensation for an injury giving rise to an action); *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, No. CIV 10-1020 JB/LFG, 2012 U.S. Dist. LEXIS 67259, at *104 (D.N.M. May 12, 2012) ("[w]hile 35 U.S.C. § 285 is a federal statute, it does not provide a federal cause of action for jurisdictional purposes."); *Elan Pharm., LLC v. Sexton*, 421 F. Supp. 3d 1119, 1128 (D. Kan. 2019) ("The Court finds that § 285 provides no standalone cause of action here . . . ."); *see also Williams*, 559 F.2d at 671 (noting that a cause of action is "something distinct from the remedy or the relief sought"); *H.R. Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1385 (Fed. Cir. 2002); *Metropolitan Life Ins. Co. v. Sicoli and Massaro Inc.*, 15 Civ. 7141, 2016 U.S. Dist. LEXIS 131443, at *7 n.6 (S.D.N.Y. Sept. 26, 2016) ("A request for an award of attorney's fees seeks a remedy; it does not plead a cause of action.").

Accordingly, Title 35 discusses § 285 among other remedies. *See* 35 U.S.C. § 271(e)(4) ("The remedies prescribed by subparagraphs (A), (B), (C), and (D) are the only remedies which may be granted by a court for an act of infringement described in paragraph (2), except that a court may award attorney fees under section 285."); *see also NantKwest, Inc. v. Iancu*, 898 F.3d 1177, 1190 (Fed. Cir. 2018) (indicating that 35 U.S.C. § 285 is part of remedy). Additionally, the Federal Circuit has characterized attorneys' fee awards under § 285 as a "sanction." *Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 549 (Fed. Cir. 2011) (finding plaintiff's conduct did not warrant "sanctions under section 285.").

Because they are remedies, attorneys' fee awards, like those under § 285, do not require express jurisdictional grants. If they did, courts could never make such awards. Indeed, fees under § 285 cannot be awarded until there is a "prevailing party," i.e., when no "controversy" remains and jurisdiction for the original proceeding has terminated. The Supreme Court

recognized this pragmatic reality in *Cooter & Gell v. Hartmarx Corp.*,[5] finding that "district courts may award costs after an action is dismissed for want of jurisdiction" and "motions for costs or attorney's fees are 'independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree.'" 496 U.S. 384, 395 (1990), superseded on other grounds by Fed. R. Civ. P. 11(c)(2) (1993) (internal citation omitted). In fact, *Cooter* expressly found that "the imposition of costs, attorney's fees, [and others]. . . ***is not a judgment on the merits of an action***," but instead is "the determination of a ***collateral issue*** . . . ." *Id.* at 396 (emphasis added). Thus, § 285 is not an independent cause of action or controversy between parties and does not require a "judgment;" § 285 is an ancillary issue over which courts have jurisdiction so long as they had jurisdiction over the underlying controversy.

Courts treat similar fee-shifting provisions, such as 42 U.S.C. § 1988, this way. For instance, in *Budinich v. Becton Dickinson & Co.*, the Supreme Court found that "[a]s a general matter, . . . a claim for attorney's fees is not part of the merits of the action to which the fees pertain," recognizing that attorneys' fees are awarded in a like manner as costs. *See* 486 U.S. 196, 200 (1988) ("At common law, attorney's fees were regarded as an element of 'costs' awarded to the prevailing party.").[6] As such, the *Budinich* Court concluded that "a request for attorney's fees under [42 U.S.C.] § 1988 raises legal issues 'collateral to' and 'separate from' the decision on the merits." *Id.*; *see also Carvel v. Franchise Stores Realty Corp.*, 08-CV-8938, 2009 U.S. Dist. LEXIS 113410, 2009 WL 4333652, at *9 (S.D.N.Y. Dec. 1, 2009); *Zucker v.*

---

[5] The 1990 *Cooter & Gell* decision post-dates *Lemelson v. United States*, 8 Cl. Ct. 789, 791 (1985); *Knogo Corp. v. United States*, 228 Ct. Cl. 372, 378 (1981); and *Rolls-Royce, Ltd. v. United States*, 176 Ct. Cl. 694, 702 (1966), which G&D relies on in support of the proposition that this Court lacks jurisdiction to award fees and costs under § 285. And, setting aside whether the distinguishable fee requests in those cases were "controversies," "ample authority" says § 285 is not. *See Elan Pharm.,* 421 F. Supp. 3d at 1126 n.34 (collecting cases).

[6] *Budinich*, like *Cooter*, post-dates the *Lemelson*, *Dynalectron*, and *Rolls-Royce* decisions.

*Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir. 1999) ("No Article III case or controversy is needed with regard to attorney's fees . . . because they are but an ancillary matter over which the district court retains equitable jurisdiction even when the underlying case is moot."). Likewise, HID's request for fees is collateral issue related to this § 1498(a) proceeding.[7]

Consistent with *Budinich* and *Cooter*, the Federal Circuit held that a court retains jurisdiction to decide "requests" or "claims" for attorneys' fees under § 285 after the court otherwise loses subject matter jurisdiction. *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032-33 (Fed. Cir. 2006). Thus, regardless of whether characterized as a defense, sanction, or remedy, § 285 is not a controversy or cause of action between two parties requiring an independent jurisdictional grant. Fees can be awarded when the court had jurisdiction over the underlying matter, as the Court indisputably did here.

### D. This Court Has Determined Jurisdiction for § 285 Awards in This Litigation and Other Cases, and Has Awarded the Government Attorneys' Fees in Other Contexts

Consistent with the Government's limited waiver of sovereign immunity (and thus, maximum retention of sovereign power) under § 1498 and Supreme Court precedent that courts may award fees under § 285 so long as they had jurisdiction over the underlying subject matter, this Court determined and exercised the power to award fees to HID. *See* Dkt. 137 at 11, 13. Indeed, Judge Williams correctly observed that jurisdiction is "a nonissue in this context, because the Court must be able, even under the unusual umbrella of a Section 1498 case, to control its docket" and "if the Court doesn't have the authority to issue an opinion in this case, it would really eviscerate the authority of the Court to control its own docket." Dkt. 111 at 86:10-

---

[7] This Court has issued sanctions when it had jurisdiction over the underlying matters, including when that jurisdiction no longer existed. *See Thornton-Trump v. United States*, 12 Cl. Ct. 262, 262-263 (1987); *Sherrit v. United States*, No. 299-81, 1997 U.S. Claims LEXIS 241, at *21-24 (Fed. Cl. Oct. 23, 1997); *Lefley v. United States*, No. 259-89T, 1997 U.S. Claims LEXIS 309, at *30-37 (Fed. Cl. July 31, 1997).

24; *see also* United States Court of Federal Claims Rules ("RCFC") 11, 16, 26, 30, 37, 45, 56, 83 (contemplating the potential award of attorneys' fees). Judge Bruggink, in *Judin v. United States*, also determined his ability to award fees under § 285 to third-party defendants like HID, noting that "Section 285 permits the court, 'in exceptional cases' to award reasonable attorney fees to the prevailing party in patent infringement cases." 34 Fed. Cl. 483, 487 n.3. (1995) ("*Judin II*").[8]

This Court and its predecessor have also upheld the authority to award attorneys' fees to the Government in instances other than patent disputes. For example, in *St. Paul Fire*, after a thorough and persuasive analysis of the scope of the Court's jurisdictional grant and relevant legislative history, the Claims Court found that the EAJA entitled the Government to attorneys' fees, holding that "[t]he language and structure of these three subsections is open to only one interpretation: Costs and attorney's fees may be awarded to any prevailing party (including the United States) . . . ." 4 Cl. Ct. at 766. Following the reasoning in *St. Paul Fire*, this Court in *Heger v. United States* reiterated that "[p]recedents confirm that the government may recover attorneys' fees under [EAJA] Subsection 2412(b)." 114 Fed. Cl. 204, 210 (2014) (collecting cases). Thus, Judge Williams was correct to award fees under § 285, as this is consistent with this Court's power to award fees to the Government.[9]

### E. Exceptionally Weak Cases Against the Government Should be Deterred

As Judge Williams confirmed, deterrence is one of the considerations for fee awards under § 285. Dkt. 137 at 8; *Octane Fitness*, 572 U.S. at 554 n.6. If § 285 does not exist as a

---

[8] The Court found that third-party Hewlett-Packard Company ("HP") was not entitled to fees under § 285 or Rule 11 based on plaintiff Judin's inadequate pre-suit investigation. The Federal Circuit reversed, awarding fees to third-party HP under Rule 11. But § 285 was not addressed, likely because the standard under § 285 was higher than that for Rule 11 sanctions before the Supreme Court lowered § 285's exceptionality requirement in *Octane Fitness,* 572 U.S. 545, 554 (2014). *See Judin v. United States*, 110 F.3d 780, 784 (1997) ("*Judin III*").

[9] Judge Williams was also correct that § 285 is a jurisdictional "nonissue" because, as explained, § 285 does not require an independent jurisdictional grant.

deterrent in patent suits against the Government, plaintiffs would be free to bring weak cases against the Government, or litigate in a manner that increases legal costs for the Government (or third party defendants), so long as there is no bad faith or objective unreasonableness needed to trigger sanctions under the Court's inherent authority or Rule 11. This would also leave the Government (and its third-party defendants) in a position worse than a private patent defendant, *see Earth Res.*, 44 Fed. Cl. at 281, because when a plaintiff asserts patent infringement against the Government, the only venue and opportunity for a remedy is this Court. Indeed, a defendant in an exceptional § 1498 case cannot seek attorneys' fees under § 285 in district court because "there is ample authority to support that such fees are 'not a separate, surviving and independent cause of action, but rather a corollary or ancillary issue which is dependent on the main action.'" *Elan Pharm.,* 421 F. Supp. 3d at 1126 n.34 (collecting cases). It is good policy to deter parties from bringing exceptional patent cases that force taxpayers to foot the bill.

### F. This Court Can Still Award Fees Under Its Inherent Authority or Rule 11

G&D does not dispute that this Court can issue sanctions under its inherent authority or Rule 11. *See* Dkt. 145 at 6, n.2; *see also Level 3 Commc'ns, LLC v. United States,* 724 F. App'x 931, 934 (Fed. Cir. 2018). HID has also requested that the Court exercise its inherent authority to grant fees because G&D's deficient pre-suit investigation and baseless allegations satisfied the requisite "bad faith" standard. *See* Dkts. 63 at 5-6, 15; 86 at 19-20. Although Judge Williams found HID was entitled to attorneys' fees under § 285's exceptional case standard, the evidence at that stage supported bad faith and G&D has since introduced new evidence relevant to its bad faith and/or baseless pre-suit investigation. *See* Dkt. 145-1. Thus, the Court has new evidence that G&D should be sanctioned under this Court's inherent authority and/or Rule 11.[10]

---

[10] To the extent the Court finds it lacks jurisdiction to award fees under § 285, the Court nonetheless has the power to award costs on other grounds or under its equitable jurisdiction. *See*

The Federal Circuit has stated that "subjective bad faith only requires proof that the 'lack of objective foundation for the claim 'was *either* known *or* so obvious that it should have been known' by the party asserting the claim.'" *Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1310 (Fed. Cir. 2013) (citation omitted). Moreover, "Rule 11 is aimed at curbing baseless filings, which abuse the judicial system and burden courts and parties with needless expense and delay." *Judin III*, 110 F.3d at 784 (1997) (*citing Cooter*, 496 U.S. at 405).[11] Rule 11 serves the purpose of protecting the court from "frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings." *Cobell v. Norton*, 211 F.R.D. 7, 10 (D.D.C. 2002); *see also Eltech Sys. Corp. v. PPG Indus., Inc*., 903 F.2d 805, 811 (Fed. Cir. 1990) (affirming district court's judgment awarding fees under § 285 and finding that "[t]he alternative, abuse of the courts through manifestly unreasonable lawsuits based on uninvestigated allegations, would constitute a blot on the escutcheon of the law and a violation of Rule 11, Fed.R.Civ.P."). As such, the Court can *sua sponte* order the violating party to show cause why it should not be sanctioned. RCFC 11(c)(3).

Here, the lack of objective foundation in G&D's claims was so obvious as to establish bad faith and HID's entitlement to fees well before G&D filed its opposition to HID's motion for quantum. *Kilopass*, 738 F.3d at 1310. But the untimely, self-serving, and unsubstantiated attorney declaration G&D submitted with its opposition further evidences bad faith or baselessness and provides further grounds for awarding attorneys' fees under § 285, this Court's inherent authority, and/or Rule 11. *See* Dkt. 145-1. Not only does the Chae declaration fail to

---

*Cooter*, 496 U.S. at 395 (holding that, even after a case is dismissed, "nothing in the language of . . . Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal."); *see also Zucker*, 192 F.3d at 1329.

[11] In interpreting Rule 11 of RCFC, "precedent illuminating [Rule 11, Fed. R. Civ. P.] is applicable." *Doe v. United States*, 16 Cl. Ct. 412, 414 (1989).

cure any evidentiary deficiencies or to identify any corroborating materials, it raises additional

concerns with G&D's infringement allegations. *See* Dkt. 147 at 4-5. For example, prior to

submitting this declaration, G&D may have received the benefit of the doubt that it simply

failed, innocently or incompetently, to conduct an adequate analysis. But the declaration raises

more questions than answers regarding G&D's alleged investigation, *see* Dkt. 147 at 5, the most

troubling of which is that G&D claims to have visually inspected HID's products and decided to

implicate HID anyway, despite the adjudicated fact "that a simple visual inspection would have

shown that [HID's] card-based products lacked the 'Chip Inside' symbol, did not comply with

Part 9, and thus did not infringe under Giesecke's own theory." Dkt. 137 at 4. In view of this

declaration, there are but two explanations: (1) either G&D's decision to implicate HID despite

conducting the visual inspection that would have obviously cleared HID from liability was done

in bad faith, or (2) G&D was so objectively reckless in its allegations that they go beyond merely

exceptional, and implicate Rule 11's objective-baselessness standard.[12]

## IV.    CONCLUSION

For the foregoing reasons, HID respectfully requests that the Court find it may award

attorneys' fees under § 285 to third-party defendant HID,[13] or in the alternative, exercise its

inherent authority to sanction G&D in the amount of HID's attorneys' fees in this case, or order

G&D to show cause why it should not be sanctioned under RCFC 11.

---

[12] If the Court finds no jurisdiction over § 285 and the record on bad faith insufficient, HID asks to seek additional discovery, including deposing Mr. Chae at least regarding the reasons for implicating HID despite having conducted visual inspections of the accused products.

[13] Because the Court already found this case to be exceptional, namely because of G&D's deficient pre-suit investigation, HID is entitled to fees incurred from the onset of this litigation, up to and including these supplemental briefs. *See Tenax Corp. v. Tensar Corp.*, No. H-89-424, 1992 U.S. Dist. LEXIS 21620, at *3 (D. Md. Oct. 22, 1992) ("[W]hen the "exceptional" conduct gave rise to the litigation, the prevailing party will generally be entitled to fees incurred during the entire course of the proceedings."). Indeed, supplemental briefing would not have been needed had G&D timely raised this jurisdictional argument. *See* Dkt. 155 at 17:1-9.

Dated: April 29, 2020                    Respectfully Submitted,


                                         */s/ Lionel M. Lavenue*
                                         Lionel M. Lavenue
                                         FINNEGAN, HENDERSON, FARABOW,
                                          GARRETT & DUNNER, LLP
                                         Two Freedom Square
                                         11955 Freedom Drive
                                         Reston, VA 20190
                                         Phone: (571) 203-2700
                                         Fax: (202) 408-4400

                                         *Attorney for HID Global Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to counsel of record who have appeared in this case on behalf of the identified parties.

*/s/ Lionel M. Lavenue*
Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Phone: (571) 203-2700
Fax: (202) 408-4400

*Attorney for HID Global Corporation*