IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GIESECKE & DEVRIENT GMBH,<br><br>  Plaintiff,<br><br>  v.<br><br>THE UNITED STATES,<br><br>  Defendant,<br><br>  and<br><br>IDEMIA IDENTITY,<br>& SECURITY USA, LLC.,<br><br>  Third-Party Defendant. | Case No. 17-cv-01812C-RTH<br><br>Judge Ryan T. Holte |

## THE UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Defendant the United States ("the United States" or "the Government") hereby responds to Plaintiff's May 17, 2024 Motion to Compel Discovery Responses. Plaintiff's motion is moot and stems from a misunderstanding or a mischaracterization of the discussions between the parties. At the time of Plaintiff's Motion, the United States had already agreed to provide (1) an updated response to Plaintiff's Interrogatory No. 6 to the Government; and (2) documents and things related to the Government's implementation of certain instrumentalities, including the Password Authenticated Connection Establishment (PACE) protocol.

**FACTUAL BACKGROUND**

On May 3 and 6, 2024, Plaintiff, the Government and Idemia conferred to discuss, *inter alia*, providing supplemental discovery responses, producing documents related to the

1

Government's **REDACTED** in the U.S. ePassport, the timeline of such production, and the rationale for such timeline. *See* Pl.'s Ex. Q; Pl.'s Ex. W. On May 17, 2024, Plaintiff filed a Motion to Compel Discovery Responses in this action. ECF 328. In that motion, Plaintiff requested that the Court direct the Government to "supplement its response to Rog. No. 6," which relates to the Government's non-infringement defenses. *Id.* at 13. Plaintiff's motion also requested that the Court direct the Government to "supplement its responses to interrogatories and production of documents and things, **REDACTED**." *Id.* at 15. Four days before Plaintiff's motion was filed, the Government indicated to Giesecke, in writing, that "[t]he Government has and will continue to amend its response to Giesecke's contention interrogatory relating to non-infringement." *See* Def. Ex. A at 2.

And in the 16 months between the start of fact discovery in this case and the filing of Plaintiff's motion, the Government produced over 350 documents concerning **REDACTED**. For example, one such document, entitled **REDACTED** was produced on November 13, 2013. *See* Def. Ex. B at US_00369010—US_00369015. The document **REDACTED** *Id.* at US_00369010. Another such document, produced that same day, is a **REDACTED** for **REDACTED** *See* Def. Ex. C at US_00369097—US_00369111. Yet another such document discusses the **REDACTED** when **REDACTED** *See* Def. Ex. D at

2

US_00547240—US_00547243. Each of these documents, and several hundred others concerning ███REDACTED███, were produced to Plaintiff before it filed its motion.

Since Plaintiff filed its motion, the Government has produced 194 more documents relating to ███REDACTED███. In its May 13, 2024 email to Giesecke, the Government indicated that because the ███REDACTED███ is an ongoing effort, it is willing to continue to provide such implementation documents after the close of fact discovery, stating:



Ex. A at 2.

On May 21, 2024 Giesecke served its Sixth Amended Disclosure of Infringement Contentions. On May 30, 2024, the United States served (1) its Fifth Supplemental Objections and Responses to Plaintiff's First Interrogatories which, *inter alia*, supplemented the Government's non-infringement contentions in response to Plaintiff's Interrogatory No. 6, *see* Def. Ex. E at 26, and (2) its Second Supplemental Objects and Responses to Plaintiff's Second Interrogatories. Def. Ex. F.

## ARGUMENT

Plaintiff's motion is moot. Before Plaintiff had even filed its motion, the United States had already agreed to provide: (1) an updated response to Plaintiff's Interrogatory No. 6 to the Government; and (2) additional document and things related to the Government's ███REDACTED███. Def.'s Ex. A. Thus, there is no controversy and Plaintiff's motion should be denied.

3

### 1. The Government Agreed to and Has Supplemented Its Response to Plaintiff's Interrogatory No. 6

Even before Plaintiff filed its motion on May 17, 2024, the Government had already agreed in writing four days prior to "amend its response to Giesecke's contention interrogatory relating to non-infringement." *See* Def. Ex. A at 2. The Government amended its response to Plaintiff's Interrogatory No. 6 on May 30, 2024. *See* Def. Ex. E at 46-75. Moreover, pursuant to Plaintiff's May 21, 2024 Sixth Amended Disclosure of Infringement Contentions, the Government will supplement its response to Plaintiff's Interrogatory No. 6 again by the end of written fact discovery. *See* ECF 336 at 1 (setting the end of written fact discovery in this case for June 17, 2024). For at least these reasons, the Government does not believe that there is or was a controversy with respect to whether it has or will "supplement its response to Rog. No. 6." ECF 328 at 13.

Moreover, the Government's response to Interrogatory No. 6 provides Plaintiff with ample notice[1] of the substance of the Government's theories of non-infringement. For example, with respect to Plaintiff's contention that REDACTED referenced in Claim 1 of U.S. Patent No. 7,837,119 ("the '119 patent"), the Government's response to Interrogatory No. 6 explains:



---

[1] Plaintiff's motion requests that the Court "caution the Government that any non-infringement theories it fails to disclose during written fact discovery may not be used in its expert reports or at trial." ECF 328 at 17-18. Yet, two reciprocal principles should apply in equal measure: (1) any infringement allegations that Plaintiff fails to disclose in its Infringement Contentions may not be used in its expert reports or at trial and (2) Defendants have no obligation to provide theories of non-infringement for any theories of infringement *not* included in those Infringement Contentions.

4



See Def. Ex. E at 48-49; *see also id*. at 27-75. Thus, because the Government both agreed to and did provide Plaintiff with ample notice of its theories of non-infringement, the Court should deny Plaintiff's motion as moot.

2. **The Government Has Supplemented its Discovery Responses and Document Production,** REDACTED

Even before Plaintiff filed its motion on May 17, 2024, the Government had already produced hundreds of documents regarding REDACTED. *See* Def. Exs. B, C, and D. And since Plaintiff's motion was filed, the Government has produced nearly two-hundred additional documents concerning REDACTED. Nonetheless, Plaintiff's request that the Court compel the Government to REDACTED is misguided. ECF 328 at 12. As the Government has previously explained, no U.S. ePassports that REDACTED have yet been issued. *See* Def. Ex. E at 16, 21, 26. Rather, the Government is still in the process of REDACTED and this process is not expected to be completed until REDACTED. *Id*. Therefore, REDACTED process is complete.

In fact, it is for this precise reason that the Government indicated it "would not use the close of written fact discovery as a sole basis upon which to withhold REDACTED concerning this process… and that we would produce such information to the extent it is relevant and non-

5

privileged." Ex. A at 2. Viewed in this light, Plaintiff's allegation that the "Government admitted that such production may continue on a rolling basis beyond the current written fact discovery deadline, which would allow the Government to **REDACTED**, including information that is in its possession, custody, or control now, that it failed to timely collect and produce within the confines of this Court's schedule" is an inappropriate mischaracterization of the Government's position. ECF 328 at 14. The Government never "admitted" or otherwise indicated that it planned to **REDACTED**. Rather, the Government indicated that it would supplement its production with **REDACTED** documents that arise after the close of written fact discovery because the **REDACTED** will not be complete by that date.

With respect to **REDACTED** currently being used in the **REDACTED**, the Government submits that production of such **REDACTED** at this juncture—more than **REDACTED**—is not "proportional to the needs of the case, considering the importance of the issues at stake in the action," and thus that the burden or expense of such discovery outweighs its likely benefit. *See* RCFC 26(b)(1). Indeed, assuming that each such **REDACTED** can be successfully **REDACTED** in this case, the **REDACTED** may differ materially from the **REDACTED** of the **REDACTED** that is ultimately issued. The Government has been and continues to be willing to provide Plaintiff with **REDACTED** once the **REDACTED** is complete and those **REDACTED** are representative of **REDACTED** in all material respects.

With respect to the other discovery items referenced in Plaintiff's motion, the Government produced hundreds of responsive documents on May 21 and May 28, 2024, and supplemented its

6

responses to Plaintiffs interrogatories on May 30, 2024. Moreover, the Government will produce additional documents and provide an additional supplementation of its interrogatory responses on or before June 17, 2024. Finally, the Government and Plaintiff discussed on May 24, 2024, certain stipulations that the parties may enter into concerning, *inter alia*, the non-materiality of differences between REDACTED provided by the Government REDACTED and those REDACTED during the time period relevant to this case.

## CONCLUSION

For the reasons stated, Defendant, the United States, respectfully requests that the Court deny Plaintiff's Motion to Compel Discovery Responses.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

SCOTT BOLDEN
Director

Of Counsel:

GRANT D. JOHNSON
DAVID L. PACE
Department of Justice

June 6, 2024

/s/ *Michel Souaya*
MICHEL E. SOUAYA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
(202) 307-0334

COUNSEL FOR THE
UNITED STATES OF AMERICA

7